Citation Nr: 1438764 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 05-06 609A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder, to include bipolar disorder.

2. Entitlement to a rating in excess of 10 percent for service-connected right knee osteoarthritis. 


REPRESENTATION

Veteran represented by: Mark Lippman, Esq. 


ATTORNEY FOR THE BOARD

Megan C. Kral, Associate Counsel



INTRODUCTION

The Veteran had active service from October 1975 to December 1976 and from September 1977 to March 1985. The Veteran is entitled to VA benefits for the period from September 21, 1977, to September 21, 1981; however, VA benefits are precluded for the period of service from September 22, 1981, to March 14, 1985.

These matters come before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs Regional Office (RO) in Newark, New Jersey. The issue of service connection for an acquired psychiatric disorder was previously before the Board, most recently in June 2013, when it was remanded for further development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Pursuant to the June 2013 Board Remand, the Veteran was afforded a VA psychiatric examination in July 2013. On examination, the examiner confirmed the diagnosis of bipolar disorder. However, the examiner stated that it would "require speculation to establish the onset of the veteran'[s] mood disorder, or to establish aggravation of the natural progress of veteran's mental disease by military service, after so many years have passed." Thereafter, however, the examiner noted that a review of the veteran's records "suggests" that his bipolar disorder was "in full bloom during his military service." The examiner did not specify whether the "military service" he referred to was the Veteran's period of honorable service (from September 21, 1977, to September 21, 1981). The examiner further noted that the Veteran's "pattern of impulsivity, addiction, and poor decision making was present at the time of his second enlistment." The Board finds this opinion insufficient on which basis to adjudicate the Veteran's claim because it appears contradictory; it simultaneously states that an opinion cannot be provided without resort to speculation and then seems to attempt to provide such an opinion. For this reason, the Board finds that an additional opinion should be obtained to reconcile this opinion with the evidence of record.

Regarding the claim for an increased rating for right knee osteoarthritis, the Veteran was last afforded a VA examination for this disability in March 2010. While a new examination is not required simply because of the time which has passed since the last examination, VA's General Counsel has indicated that a new examination is appropriate when there is an indication of an increase in severity since the last examination. See Caffrey v. Brown, 6 Vet. App. 377, 381 (1994). In this case, over four years have passed since the last VA examination, during which time the Veteran continued to receive treatment for his right knee disability (an indication of worsening). Under the circumstances, the Board finds another VA examination is appropriate. 

Additionally, the Board notes that absent from the record is the Veteran's DD 214 for his periods of service. Upon remand the RO should obtain the Veteran's complete personnel file to confirm the dates of Veteran's active duty service.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should obtain copies of all outstanding VA treatment records not already associated with the record.

2. The AOJ should contact the Department of the Navy, the National Personnel Records Center, the Records Management Center, and any other appropriate location, to request the complete personnel records of the Veteran, and specifically to request copies of all DD 214s from all periods of service.

3. The AOJ should then obtain a clinical opinion with regard to the Veteran's acquired psychiatric disorder, to include bipolar disorder. The clinician is requested to ascertain the current nature and extent of any diagnosed psychiatric disorder, to include bipolar disorder. The clinician is specifically requested to render an opinion regarding whether it is at least as likely as not (probability 50 percent or more) that any such psychiatric disorder, including bipolar disorder, had its onset during the Veteran's period of honorable service (September 21, 1977, to September 21, 1981). [The examiner is advised that VA benefits cannot be granted for the period of dishonorable service from September 22, 1981, to March 14, 1985 and should treat this time as a period of non-service.] 

The clinician should review the entire record in conjunction with providing an opinion, and the clinical report should indicate that such a review was performed. A complete rationale for the opinion should be provided.

If the clinician cannot provide an opinion without an examination, the Veteran should be scheduled for one. Failure to appear for an examination as requested, and without good cause, could adversely affect his claim, to include denial. See 38 C.F.R. § 3.655.

The clinician must explain the rationale for all opinions in detail, citing to supporting clinical data as appropriate. If the clinician cannot provide the requested opinions without resorting to speculation, it must be so stated, and the clinician must provide the reasons why an opinion would require speculation.

4. The AOJ should arrange for an orthopedic examination of the Veteran to ascertain the current severity of his right knee disability. His entire record must be reviewed by the examiner in conjunction with the examination. Any indicated tests or studies (specifically including range of motion studies) should be completed. 

5. The AOJ should then review the record and readjudicate the claims. If any remains denied, the AOJ should issue an appropriate SSOC, and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board, if in order, for further review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
M. C. GRAHAM 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).